EDMUND WHITCOMB ET AL., PLAINTIFFS AND RESPONDENTS,
v. THE HELENA WATER WORKS COMPANY ET AL., DE-
FENDANTS AND APPELLANTS, INTERVENORS AND CROSS-COM-
PLAINANTS.

No. 10484
Submitted June 3, 1963. Decided June 5, 1963.
382 P.2d 822.

(171)

Floyd O. Small (argued orally), Robert T. Cummins, Michael Chilton, City Atty. (argued orally), Helena, for appellant.

Loble & Picotte, Henry Loble (argued orally), Gene Picotte, and Conrad Fredricks, Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This matter comes on a motion to dismiss on appeal. The plaintiffs W. J. Harrer & Sons, Inc., Frank J. Schatz and Edna R. Schatz moved this court on February 20, 1963, for a dismissal of the appeal of the defendant City of Helena. The appeal had been taken from what was entitled an interlocutory judgment, in the District Court of Lewis and Clark County, made and entered by Judge W. W. Lessley on April 4, 1962.

The interlocutory judgment reads in part as follows:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the waters of Ten Mile Creek and its tributaries be admeasured and distributed pursuant to the decree of this Court under date of March 28th, 1903, and set out in the Court's Findings of Fact and Conclusions of Law;

"IT IS FURTHER ORDERED, AND THIS DOES ORDER, that the City of Helena shall install on or before July 15th, 1962, at its own expense adequate, suitable and efficient head-

gates at the places set out in the Court's Findings of Fact and Conclusions of Law;

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court retain jurisdiction of this Cause and of the issues embraced herein during the irrigation season of 1962;

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment is interlocutory in character, and at the conclusion of the irrigation season of 1962, after personal view and inspection of Ten Mile Creek and its tributaries and the devices installed by the City of Helena, and the measurement of the water involved, and the flow of the stream, this Court then will make its final Judgment after sufficient notice and full hearing to all parties here involved."

The findings of facts and conclusions of law referred to are detailed in a twenty-two page recital, and parts of them will be hereinafter quoted to exemplify our holding herein.

The defendants resisted the motion to dismiss on grounds that while the judgment was designated as interlocutory, that it nevertheless made final and conclusive all the findings of fact and conclusions of law upon which the judgment was made. Thus, the City argues, that it is a final determination from which an appeal lay. (See R.C.M.1947, section 93-4701.)

The trial court, in addition to that quoted above, stated as a conclusion of law:

"XII.

"The Court makes these Findings of Fact and Conclusions of Law INTERLOCUTORY in character, out of necessity of the nature and character of Ten Mile and its tributaries, the complexity and diverse interlocking problems involved."

Even so, the appellant City urges that certain findings are final. An example is quoted as follows:

" '17. That during times of water shortage, and at times when plaintiffs and other users of the waters of Ten Mile Creek are deprived of or are short of water, the City of Helena, Mon-

tana, may be storing in Chessman Reservoir, for a claimed later use, quantities of water *which are either runoff waters from the mountains or creeks* which drain into Chessman Reservoir, *or are waters conveyed through Red Mountain Ditch into said Chessman Reservoir;* that there *are some indications that said waters are so stored by the City of Helena, Montana, at a time when there are no high or surplus waters available for storage and impoundment;* that in addition thereto, even when Chessman Reservoir is full, the City of Helena, Montana, continues to divert waters of Ten Mile Creek or its tributaries into Chessman Reservoir to compensate for evaporation and seepage of waters out of Chessman Reservoir; *that the City of Helena, Montana, is not entitled to store waters of any kind in Chessman Reservoir, which are not high or surplus waters.'*" (As italicized in appellant's brief.)

Note that the City underlines portions of the quoted finding, but fails to consider other qualifying language such as the words "may be storing," etc. Also, the argument ignores the entire meaning and language of the Court.

It is obvious that all findings and conclusions are interlocutory in nature and the judgment itself is interlocutory in intent and by specific language. This being so, it is not such a judgment as to be considered final in any sense; and therefore not appealable. Thus the motion to dismiss the appeal is granted.

Some mention in briefs and argument is made of this being a "frivolous" appeal. We need not concern ourselves with this matter; since, other than the assertion of it, the motion to dismiss as being an interlocutory judgment was made in the alternative, either to dismiss or to deny further extensions of time on appeal. In either event, the grounds for frivolous appeals under Rule XIX are neither properly charged nor proven.

The appeal is dismissed as indicated above.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON and DOYLE, concur.